UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN M. SKORVANEK,     Plaintiff,

v.     Civil Action No. 3:15-cv-P360-DJH

JOHN DOE et al.,     Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff, John M. Skorvanek, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, an inmate at the Kentucky State Reformatory, sues John Doe, Kentucky State Police (KSP) Commander, and KSP Officers C. Laudemilk and Noble. He alleges that on May 5, 2012, he was in an automobile accident during which $1,800 dollars spilled out of a safe in the van he was driving. Plaintiff alleges that Defendants Laudemilk and Noble were responsible for the accident scene. Apparently, the $1,800 was not returned to Plaintiff after the accident.

Plaintiff attaches to his complaint police reports related to the accident, which were part of the evidence in a criminal case against him in state court. According to the police reports, the accident in question was a one-vehicle accident, at the scene of which officers discovered a prescription medicine bottle with Plaintiff's name on it containing suspected heroin. The police reports note a small amount of cash found near the accident scene, but far less than the $1,800

claimed by Plaintiff to have spilled out of his safe. As relief, Plaintiff asks for the $1,800 to be returned to him, for Defendants Laudemilk and Noble to be prosecuted for their "crime," and for an investigation of this "crime" by an entity other than KSP.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *§ 1983 claim*

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th

Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, it is clear from the complaint that the alleged loss of the $1,800 occurred on May 5, 2012. Plaintiff did not file this complaint until May 2015. Even considering Plaintiff's action filed on May 1, 2015, the date of the postmark on the envelope for the initiating document in this case, Plaintiff's complaint was filed nearly two years after the statute of limitations ran. Thus, this action must be dismissed as barred by the statute of limitations. *Jones v. Bock*, 549 U.S. at 215 (noting that when the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening).

### *Request for criminal investigation and prosecution*

With regard to Plaintiff's request to have Defendants Laudemilk and Noble prosecuted for their "crime" and for an investigation of this "crime," "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed against Defendants or that an investigation be commenced as Plaintiff seeks. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972). Simply put, Plaintiff cannot initiate a criminal prosecution. *Abner v. Gen'l Motors*, 103 F. App'x 563, 566 (6th Cir. 2004).

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date: August 12, 2015

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4415.009